# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ALEXANDER BERNARD JACOBSON** <br> **LA. DOC #535678** <br> VS. | **CIVIL ACTION NO. 08-1123** <br><br> **SECTION P** <br><br> **JUDGE JAMES** |
| **LA. DEPT. OF CORRECTIONS,** <br> **ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Alexander Bernard Jacobson, proceeding *in forma pauperis*, filed the instant civil rights complaint on July 9, 2008. On January 23, 2009, the Court adopted in part a Report and Recommendation [rec. doc. 12] and dismissed most, but not all of plaintiff's claims. The Court then remanded the remaining claims for further analysis. [rec. docs 15 and 16]

The Court's judgment, mailed to plaintiff at the address he supplied, was returned on January 30, 2009, with the notation, "rts/no mail receptacle/ unable to forward." [rec. doc. 17] Thereafter, on February 26, 2009, the undersigned sent a Memorandum Order to plaintiff directing him to prepare summons for service of the remaining claims on the remaining defendants. [rec. doc. 19] On March 6, and again on March 13, 2009, these documents were returned marked "returned to sender / moved from ALC..." [rec. docs. 20 and 21]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the Court's correspondence was returned and plaintiff has not provided a current address.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, April 22, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE